UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

BLANCA HERNANDEZ,

    Plaintiff,

vs.

S.E. CEMETERIES OF FLORIDA, LLC, a Florida limited liability company, NOBLE L. LONGINO, individually, and MANUEL GUARA, individually,

    Defendants.
_____/

**COMPLAINT FOR VIOLATION OF THE
FAIR LABOR STANDARDS ACT AND THE FLORIDA MINIMUM WAGE ACT**

COMES NOW, Plaintiff BLANCA HERNANDEZ ("Plaintiff"), by and through her undersigned counsel, and files this Complaint for Violation of the Fair Labor Standards Act and the Florida Minimum Wage Act against Defendants S.E. CEMETERIES OF FLORIDA, LLC, a Florida limited liability company ("S.E. CEMETERIES"), NOBLE L. LONGINO, individually ("LONGINO"), and MANUEL GUARA, individually ("GUARA") (S.E. CEMETERIES, LONGINO and GUARA collectively referred to as the "Defendants") and alleges as follows:

**JURISDICTION AND VENUE**

1.    Plaintiff, who was employed by S.E. CEMETERIES from on or about June 14, 2014 to on or about August 28, 2024, brings this action against Defendants to redress the deprivation of rights secured to Plaintiff by the minimum wage and maximum hour provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201(b), et seq. (hereinafter the "FLSA") and the Florida Minimum Wage Act, Fla. Stat. §448.110 (hereinafter the "FMWA"), and to recover unpaid minimum wages, overtime compensation, liquidated damages, attorney's fees and costs.

2. Jurisdiction of this action is conferred on this Court by 29 U.S.C. §216(b) and by the provisions of 28 U.S.C. §1337 relating to "any civil action or proceeding arising under an act of Congress regulating commerce."

3. Venue is proper with this Court because the acts and omissions set forth herein occurred within the territorial jurisdiction and district of this Court.

4. At all times material hereto, the Plaintiff was a resident of Miami-Dade County, Florida.

5. At all times material hereto, S.E. CEMETERIES was a company doing business in Miami-Dade County, Florida, with its business address at 8200 Bird Road, Miami, Florida 33155, which is located in Miami-Dade County, Florida, within the jurisdiction and district of this Court, and operates funeral homes and provides cemetery services in Miami-Dade County, Florida at the mentioned location and other locations.

6. At all times material hereto, LONGINO was a Manager and President of S.E.CEMETERIES, a company with operations in Miami-Dade County, Florida, with its business address at 8200 Bird Road, Miami, Florida 33155, which is located in Miami-Dade County, Florida, within the jurisdiction and district of this Court, and operates a funeral home and cemetery services in Miami-Dade County, Florida at the mentioned location. See Fla. Stat. §48.193(1)(a)(1) (a person is subject to the jurisdiction of the courts when he or she is "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.").

7. At all times material hereto, GUARA was a Manager and Vice President of S.E. CEMETERIES, with his office located at 8200 Bird Road, Miami, Florida 33155, which is located in Miami-Dade County, Florida, within the jurisdiction and district of this Court.

## FACTUAL ALLEGATIONS

8. During the time period from on or about June 14, 2014 to August 28, 2024, S.E. CEMETERIES employed Plaintiff as an "at-will", nonexempt, pre-planning advisor, customer service and sales representative for Defendant S.E. CEMETERIES.

9. Plaintiff is informed and believes that at all times material hereto, Defendant LONGINO was a resident of Pinellas County, Florida, and has been at all times relevant hereto a Manager and President of S.E. CEMETERIES that operated its business in Miami-Dade County, Florida.

10. At all times material hereto, Defendant LONGINO was an officer and/or administrator of and a direct or indirect supervisor and employer of Plaintiff within the meaning of 29 U.S.C. §203(d) in that Defendant LONGINO was a Manager and the President of Defendant S.E. CEMETERIES and acted directly in the interest of S.E. CEMETERIES in relation to its employees, including Plaintiff.

11. Plaintiff is informed and believes that at all times material hereto, Defendant GUARA was a resident of Miami-Dade County, Florida, and has been at all times relevant hereto a Manager and Vice President of S.E. CEMETERIES and responsible for the operations of S.E. CEMETERIES in Miami-Dade County, Florida.

12. At all times material hereto, Defendant GUARA was an officer and/or administrator of and a direct or indirect supervisor and employer of Plaintiff within the meaning of 29 U.S.C. §203(d) in that Defendant GUARA was a Manager and the Vice President of Defendant S.E. CEMETERIES and acted directly in the interest of S.E. CEMETERIES in relation to its employees, including Plaintiff.

13. Plaintiff is informed and believes and hereby alleges that during the relevant time periods material hereto, the gross annual revenues of S.E. CEMETERIES were in excess of $500,000.00 and as such, S.E. CEMETERIES is subject to the FLSA. See Zorich v. Long Beach Fire Dept. & Ambulance Serv., Inc., 118 F.3d 682, 686 (9th Cir.1997); see also Dobbins v. Scriptfleet, Inc., 2012 WL 601145, at *2 (M.D.Fla. Feb. 23, 2012) (Bucklew, J.) (allegation, on information and belief, that defendants' annual gross sales exceeded $500,000 was sufficient to withstand dismissal); Roberts v. Caballero & Castellanos, PL, 2010 WL 114001, at *3 (S.D.Fla. Jan. 11, 2010) (Moore, J.) (allegation that plaintiff "was of the belief that [defendant] grossed in excess of $500,000 annually" was sufficient to withstand dismissal).

14. At all times material hereto, S.E. CEMETERIES was engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(j), 203(r), 203(s) 206(a) and 207(a). Specifically, at all times material hereto, S.E. CEMETERIES operated a cemetery and related services business in which "two or more employees (i) recurrently engage[d] in commerce or the production of goods for commerce, or (ii) recurrently handle[d] materials that previously moved through interstate commerce." See Diaz v. Jaguar Restaurant Group, LLC, 649 F.Supp.2d 1343, 1355 (S.D. Fla., 2009) (employees held to receive FLSA protection through enterprise coverage where the company uses materials that at some point traveled in interstate commerce).

15. By reason of the foregoing, S.E. CEMETERIES was at all times mentioned herein engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§203(r) and 203(s).

16. At all times material hereto, Plaintiff in performing her job duties was engaged in commerce within the meaning of 29 U.S.C. §§203(b), 203(l), 203(o), 203(r), 203(s), 206(a) and 207(a). The work performed by Plaintiff was directly essential to the business of S.E.

CEMETERIES, *i.e.*, acting as a pre-planning advisor and customer service and sales representative selling funeral services and cemetery plots and providing customer service with respect thereto, which was directly essential to the business operated by S.E. CEMETERIES, and Plaintiff used the instrumentalities of commerce in her work (*i.e.*, telephone, electronic mail, internet, and charged customers' credit cards).

17. As a nonexempt worker for the Defendants, Plaintiff worked well over forty (40) hours per week, working from 9:00 a.m. to 8:00 p.m. Monday through Friday, 9:00/9:30 a.m. to 4:00 p.m. on Saturdays, working also on Sundays every now and then for about 3 or 4 hours. As such, Plaintiff worked at least sixty-six (66) hours per week during her employment. However, she was not paid as required by the FLSA and the FMWA.

18. At all times during her employment, Plaintiff (i) was required to be in the office at least two times per week for "telemarketing sessions" and she would spend at least three (3) hours at the company's office performing telemarketing and customer service work, (ii) was required to attend "daily huddles" at least three times per week at the company's office, at which time she worked for at least 2 to 5 hours at the company's offices, and (iii) performed much of her work at her home office (which under 29 CFR 541.502, is deemed an office of the employer). As such, Plaintiff spent more than 50% of her time working at the company's offices, including her home office.

19. As a nonexempt worker for the Defendants, Plaintiff was paid only on a commission basis for sales that she made, which means that she was not paid an overtime premium for the hours that she worked and, in many weeks was not even paid the minimum wage.

20. At all times material hereto, Plaintiff did not have a clear understanding as to how she was to be compensated for her work.

21. Plaintiff has calculated that the Defendants owe her approximately $81,101.22 for the regular and overtime hours that she worked, which is calculated as set forth on the chart attached hereto as Exhibit "A".

**COUNT I**
**VIOLATION OF THE MINIMUM WAGE PROVISIONS OF**
**THE FAIR LABOR STANDARDS ACT BY DEFENDANTS**

22. Plaintiff realleges and reaffirms Paragraphs 1 through 21 as if fully set out in this Count I.

23. During the period of time from on or about June 14, 2014 to August 28, 2024, Plaintiff worked as a pre-planning advisor and customer service and sales representative selling funeral services and cemetery plots and providing customer service with respect thereto for Defendant S.E. CEMETERIES.

24. Defendants S.E. CEMETERIES, LONGINO, and GUARA failed to pay Plaintiff the required minimum wages for the hours that she worked.

25. As such, Defendants S.E. CEMETERIES, LONGINO, and GUARA owe Plaintiff minimum wages for the weeks during which Plaintiff was paid less than the required minimum wage.

23. Defendants S.E. CEMETERIES, LONGINO, and GUARA knew or should have known that Plaintiff suffered or was permitted to work for S.E. CEMETERIES and LONGINO as defined in 29 U.S.C. §203(g).

24. Defendants S.E. CEMETERIES, LONGINO, and GUARA failed and/or refused to compensate Plaintiff for such work at the federally mandated minimum wages, contrary to the provisions of the FLSA.

25. At all times material hereto, Defendants S.E. CEMETERIES, LONGINO, and GUARA knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

26. At all times material hereto, Defendants S.E. CEMETERIES, LONGINO, and GUARA failed to maintain proper time records as mandated by the FLSA regarding the hours worked by Plaintiff.

27. Defendants owe Plaintiff the minimum wages as calculated in the chart attached hereto as Exhibit "A".

## COUNT II
### VIOLATION OF FLORIDA MINIMUM WAGE LAWS UNDER FLORIDA STATUTES §448.110

28. Plaintiff realleges and reaffirms Paragraphs 1 through 21 as if fully set out in this Count II.

29. At all relevant times, Defendants S.E. CEMETERIES, LONGINO, and GUARA have been and continue to be an employer engaged in commerce, within the meaning of the FMWA, Fla. Stat. § 448.110 and Fla. Const. Art. X, § 24.

30. At all relevant times, Defendants S.E. CEMETERIES, LONGINO, and GUARA employed Plaintiff within the meaning of the FMWA.

31. Plaintiff brings this action as a former hourly employee of Defendants S.E. CEMETERIES, LONGINO, and GUARA who willfully refused to pay a minimum wage during Plaintiff's employment. Plaintiff was paid only on a commission basis during her entire employment with Defendants S.E. CEMETERIES, LONGINO, and GUARA and in many weeks Defendants paid Plaintiff at a rate less than the applicable minimum wage.

32. Defendants willfully violated the FMWA by failing to compensate Plaintiff at the applicable state minimum wage for all hours that she worked.

33. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

34. At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FMWA and intentionally and willfully violated the FMWA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FMWA.

35. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants, compensation for unpaid wages, an additional amount as liquidated damages, and reasonable attorney's fees and costs of this action under Fla. Stat. §448.110.

36. On July 16, 2025, Plaintiff, through counsel, sent a presuit notice to Defendants via U.S. Certified Mail as required by §448.110(6)(a) of the Florida Statutes, and such notice was received by Defendants on or about July 29, 2025, but Defendants have failed and refused to respond to such notice even though a representative of Defendant S.E. CEMETERIES did contact Plaintiff's counsel to confirm Plaintiff's identity.

37. Defendants owe Plaintiff the minimum wages as calculated in the chart attached hereto as Exhibit "A".

### COUNT III
### VIOLATION OF THE OVERTIME WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT BY DEFENDANTS

38. Plaintiff realleges and reaffirms Paragraphs 1 through 21 as if fully set out in this Count III.

39. During the period of time from on or about June 14, 2014 to August 28, 2024, Plaintiff worked as a pre-planning advisor and customer service and sales representative selling funeral services and cemetery plots and providing customer service with respect thereto for Defendant S.E. CEMETERIES.

40. During the mentioned period of time, Plaintiff worked as much as sixty-six (66) hours per week for the Defendants.

41. During the mentioned period of time, Plaintiff was not paid any overtime compensation for the hours that she worked over forty (40) per week.

42. As such, Plaintiff is owed overtime compensation, plus liquidated damages pursuant to 29 U.S.C. §201(b), et seq. for the hours that she worked over forty (40) per week.

43. Defendants knew or should have known that Plaintiff suffered or was permitted to work for S.E. CEMETERIES as defined in 29 U.S.C. §203(g).

44. Defendants failed and/or refused to compensate Plaintiff for such work at the federally mandated overtime wages, contrary to the provisions of 29 U.S.C. §207(a).

45. At all times material hereto, Defendants knew that the herein described refusals and/or failures were prohibited by the FLSA and intentionally and willfully violated the FLSA as cited herein and/or showed reckless disregard for whether the herein described refusals and/or failures were in violation of the FLSA.

46. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

47. Defendants owe Plaintiff the overtime wages as calculated in the chart attached hereto as Exhibit "A".

Law Offices of Santiago J. Padilla, P.A.
1395 Brickell Avenue, Suite 800, Miami, Florida 33131 ● Tel: 305.824.2400 ● Fax: 305.468.6321

**PRESUIT DEMAND**

48.     Pursuant to Patel v. Wargo, 803 F.2d 632, 637-38 (11th Cir. 1986); Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir.1983); Perez v. Palermo Seafood, Inc., 548 F.Supp.2d 1340, 1346 (S.D. Fla., 2008), on July 16, 2025, Plaintiff, through undersigned counsel, sent (via Certified Mail) a written demand to Defendants, as owners, managers and administrators of S.E. CEMETERIES demanding that the Defendants pay the amounts owed to the Plaintiff. Defendants, however, failed and refused to respond to such written demand and refused to pay the amounts owed to Plaintiff.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

49.     Plaintiff, by and through her undersigned counsel, hereby demands a jury trial of all issues so triable.

WHEREFORE, Plaintiff respectfully requests that a judgment be entered in her favor against Defendants as follows:

(a)     Declaring, pursuant to 28 U.S.C. §2201 and §2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA and the FMWA;

(b)     Permanently enjoin the Defendants, their agents, officers and employees from engaging in all practices found by this Court to be in violation of the FLSA and FMWA;

(c)     Awarding Plaintiff compensation for all hours that she worked for Defendants, but for which she was not compensated at the statutory federally mandated minimum wages and overtime compensation;

(d)     Awarding Plaintiff liquidated damages as provided by the FLSA and FMWA;

(e)     Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of this litigation pursuant to 29 U.S.C. §216(b);

(f)     Ordering any other further relief that this Court may deem just and proper.

Respectfully submitted this 16th day of September 2025.

>                    LAW OFFICES OF
>                    SANTIAGO J. PADILLA, P.A.
>
>                    By: _____
>                    Santiago J. Padilla, Esq.
>                    Florida Bar No.: 037478
>                    Attorney for Plaintiff
>                    Law Offices of Santiago J. Padilla, P.A.
>                    1395 Brickell Avenue, Suite 800
>                    Miami, Florida 33131
>                    Telephone: (305) 824-2400
>                    Facsimile: (305) 468-6321
>                    Email: sjp@padillalawoffice.com